COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| ESSEX, SS. | SUPERIOR COURT DEPARTMENT |

|  |  |
|---|---|
| SENSITECH INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 2077cv00453 |
| v. | ) |
| | ) |
| LIMESTONE FZE, SAMER ALWASH and LINKEDIN CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

Plaintiff, Sensitech Inc., by its attorneys, Burns & Levinson LLP, complaining of Defendants, Limestone FZE and Samer Alwash, allege as follows:

## THE PARTIES

1. Sensitech Inc. ("Sensitech"), is a Delaware corporation, with a principle place of business located in Beverly, Massachusetts.

2. Defendant, Limestone FZE ("Limestone"), is a corporation with an office and place of business located in Dubai, UAE.

3. Defendant Samer Alwash ("Mr. Alwash") is an individual who, on information and belief, resides in Amsterdam, Netherlands and, on information and belief, is the sole owner of and controls Limestone.

4. Defendant LinkedIn Corporation ("LinkedIn") is a Delaware corporation with a principal place of business in Sunnyvale, California.

**THE FACTS**

5.      Sensitech is a world leader in manufacturing and selling products and services to monitor the quality, integrity and security of its customers' valuable products during their transport across a state or around the world. For more than 25 years, leading companies in the food, pharmaceutical, industrial, consumer goods, and other industries have relied on Sensitech to help protect their products.

6.      Limestone is a Dubai based company that has been assisting customers in the Middle East region by providing them with various devices to monitor their products while they are being shipped. Mr. Alwash is the Managing Director of Limestone and, on information and belief, owns the business and solely controls it.

7.      Limestone and Sensitech first began working together in or about 2008. In or about 2015, Sensitech and Limestone (through Mr. Alwash) negotiated the terms of a Distributor Agreement ("Distributor Agreement"), which was executed on or about April 1, 2015. At that time, and through the Distributor Agreement, Limestone became Sensitech's exclusive distributor of "Cold Chain" monitors and related products and services in the United Arab Emirates and Saudi Arabia.  While the Distributor Agreement originally was set to expire on March 31, 2016, through two amendments, that expiration date eventually was extended through December 31, 2018.

8.      In connection with the Sensitech-Limestone business relationship, Limestone and Mr. Alwash were given access to various Sensitech confidential information ("Confidential Information"), including but not limited to: customer-specific pricing; price lists; product development roadmaps; volume and pricing discount schedules; data books; manuals; training and marketing materials; Professional Services trade secrets, plans and documents; project and

study information and documentation; and parts sales, service, repair and installation literature, materials and publications. Further, Limestone was required to return any Confidential Information it possessed at the time the Distributor Agreement expired.

9. As part of the business relationship between Limestone and Sensitech, and as reflected in the Distributor Agreement, it was contemplated that Limestone would buy products from Sensitech on credit and then re-sell them to end-users.

10. By the time the Distributor Agreement expired, at midnight on December 31, 2018, Limestone owed Sensitech $114,655.41 for products that Limestone had purchased on credit.

11. Notwithstanding the terms of the Distributor Agreement, and its expiration:

    a. Limestone has failed and refused to pay Sensitech the $114,655.41 owed for products Limestone purchased on credit;

    b. Mr. Alwash and Limestone have failed and refused to return to Sensitech Confidential Information within their possession, custody or control;

    c. Mr. Alwash and Limestone continued to represent that Limestone was an authorized distributor of Sensitech's products after the Distributor Agreement expired; and

    d. Mr. Alwash and Limestone continued to attempt to sell Sensitech's products to end-users after the Distributor Agreement expired.

12. In addition, after the Distributor Agreement expired, Limestone and Mr. Alwash purported to sell Sensitech's products to customers and then failed to provide some or all of what was promised to those customers. As a result, Sensitech had no practical choice but to provide products to those customers for free.

13. After Sensitech attempted to negotiate a resolution to its various disputes with Mr. Alwash and Limestone, Mr. Alwash and Limestone engaged in a variety of activities designed solely to harm Sensitech's business. Such conduct includes, but is not limited to the following:

- Posting on LinkedIn a secretly recorded conversation with a Sensitech representative during which a variety of the company's Confidential Information was discussed (the "Recording").

- Sending at least one email to a Sensitech customer containing false and defamatory statements about Sensitech in an effort to further his/Limestone's efforts to sell the products of a Sensitech competitor.

14. Sensitech has requested that LinkedIn take down the Recording from Limestone's LinkedIn page, but LinkedIn has refused to do so, asserting that the Communications Decency Act of 1996 relieves LinkedIn from having to determine if the posting of the Recording is legally improper.

15. After this action was commenced, the following occurred:

- Mr. Alwash published at least three posts to his LinkedIn page, stating, *inter alia*, that Sensitech and its parent, Carrier "is a criminal organization."

- Wendy Alwash, Mr. Alwash's wife ("Mrs. Alwash"), published on her LinkedIn page the false statement that she "just got threatened at my home" by representatives of Sensitech and Carrier and went on to state: "what's next: murder?" On information and belief, Mr. Alwash caused Mrs. Alwash to, and/or aided and abetted Mrs. Alwash in, publishing these statements.

- Mrs. Alwash also published on her LinkedIn page the email of Sensitech's in-house counsel, Lisa Bongiovi, and told people to email Attorney Bongiovi. On information and belief, Mr. Alwash caused Mrs. Alwash to, and/or aided and abetted Mrs. Alwash in, this post.

16. Mr. Alwash also has published a wide variety of other posts on LinkedIn about Sensitech, its parent, Carrier, and their employees which contain false statements of fact and are otherwise designed to be harassing and disruptive to Sensitech's business. Similarly, Mr. Alwash has harassed a variety of Sensitech's employees by bombarding them with emails that contain false and defamatory information and are designed to be harassing and disruptive to Sensitech's business.

## COUNT I
(**Breach of Contract vs. Limestone**)

17. Sensitech repeats and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

18. The Distributor Agreement is a valid and binding contract.

19. Sensitech has fulfilled all of its obligations under the Distributor Agreement.

20. Limestone has materially breached the Distributor Agreement by, *inter alia*, its conduct as described above.

21. As a result of the material breach of the Distributor Agreement, Sensitech has been injured and suffered substantial damages.

## COUNT II
(**Breach of Implied Covenant of Good Faith and Fair Dealing vs. Limestone**)

22. Sensitech repeats and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

23. The Distributor Agreement carries with it an implied covenant of good faith and fair dealing.

24. Limestone has breached the implied covenant of good faith and fair dealing contained in the Distributor Agreement by, *inter alia*, its conduct as described above.

25. As a result of the breach of the covenant of good faith and fair dealing, Sensitech has been injured and suffered substantial damages.

## COUNT III
**(Conversion vs. Limestone and Mr. Alwash)**

26. Sensitech repeats and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

27. Sensitech has an immediate right to possession of Confidential Information made available to Limestone and Mr. Alwash.

28. Limestone and Mr. Alwash have wrongfully exercised dominion and control over Confidential Information made available to them.

29. As a result of Limestone's and Mr. Alwash's exercise of dominion and control over Confidential Information made available to them, Sensitech has been injured and suffered damages.

## COUNT IV
**(Violation of the Massachusetts Trade Secrets Act vs. Limestone and Mr. Alwash)**

30. Sensitech repeats and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

31. Sensitech's Confidential Information qualifies as trade secrets pursuant to M.G.L. Chapter 93, Section 42A.

32. Limestone and Mr. Alwash have stolen, unlawfully taken away, concealed and/or copied Sensitech's Confidential Information with the intent to convert such Confidential Information to their own use. The conduct of Limestone and Mr. Alwash, in this regard, was willful and malicious.

33. As a result of Limestone's and Mr. Alwash's conduct described in the preceding paragraph Sensitech has been injured and suffered damages.

## COUNT V
### (Tortious Interference vs. Limestone and Mr. Alwash)

34. Sensitech repeats and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

35. Sensitech had and has a variety of contractual and advantageous business relationships with various customers, potential customers and employees.

36. Limestone and Mr. Alwash, intentionally, knowingly, willingly, through improper motive and means, with spite, for a malignant purpose and unrelated to any legitimate interests of either, have interfered with Sensitech's contractual and advantageous business relationships.

37. As a result of Limestone and Mr. Alwash's intentional and improper interference with Sensitech's contractual and advantageous business relationships, Sensitech has been injured and suffered damages.

## COUNT VI
### (Common Law Misappropriation vs. Limestone and Mr. Alwash)

38. Plaintiff repeats and incorporates herein by reference the allegations set forth in the preceding paragraphs of this Complaint.

39. Limestone and Mr. Alwash had common duties not to use for their own advantage, and/or for the advantage of anyone other than Sensitech, any of Sensitech's Confidential Information that they obtained through the course of the parties' business relationship.

40. Limestone and Mr. Alwash have used, and may continue to use, Sensitech's Confidential Information for their benefit and/or for the benefit of someone other than Sensitech.

41. As a result of Limestone and Mr. Alwash's misappropriation of Sensitech's Confidential Information, Sensitech has been injured and suffered damages.

## COUNT VII
### (Violation of M.G.L. c. 93A vs. Limestone and Mr. Alwash)

42. Sensitech repeats and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

43. The conduct of Limestone and Mr. Alwash, as set forth above and/or otherwise, constitutes unfair or deceptive acts or practices in violation of M.G.L. c. 93A.

44. The unfair or deceptive acts or practices of Limestone and Mr. Alwash were engaged in knowingly and willfully and were undertaken in the course of trade or business.

45. As a direct and proximate result of the unfair or deceptive acts or practices engaged in by Limestone and Mr. Alwash, Sensitech has been injured and suffered damages.

## COUNT VIII
### (Defamation vs. Limestone and Mr. Alwash)

46. Sensitech repeats and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

47. Mr. Alwash and Limestone published and/or caused to be published false, disparaging, defamatory, and materially misleading statements about Sensitech, its employees and related companies, as described herein above and otherwise.

48. Mr. Alwash and Limestone caused to be published such false statements with an intent to damage Sensitech's business reputation.

49. The malicious, false, disparaging, defamatory, and materially misleading statements about Sensitech, its employees and related companies Mr. Alwash and Limestone caused to be published were not privileged.

50. The malicious, false, disparaging, defamatory, and materially misleading statements about Sensitech, its employees and related companies Mr. Alwash and Limestone caused to be published subjected and continue to subject Sensitech to contempt and tended to and continue to tend to diminish the esteem, respect, goodwill and/or confidence in which Sensitech is held.

51. As a direct and proximate result of the publication of malicious, false, disparaging, defamatory, and materially misleading statements about Sensitech by Mr. Alwash and Limestone, Sensitech has been injured and suffered damages.

## COUNT IX
### (Declaratory Judgment vs. Limestone and Mr. Alwash)

52. Sensitech repeats and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

53. In light of the facts set forth above, a justiciable controversy exists between Sensitech, on the one hand, and Limestone and Mr. Alwash, on the other hand, as to whether:

    a. Limestone and Mr. Alwash should be precluded from using or disclosing Sensitech's Confidential Information in their possession, custody or control;

    b. Limestone and Mr. Alwash should be required to return to Sensitech the company's Confidential Information in their possession, custody or control;

    c. Limestone and/or Mr. Alwash should be precluded from representing that they are authorized distributors of Sensitech's products; and

    d. Limestone and/or Mr. Alwash should be precluded from continuing to attempt to sell Sensitech's products.

  e. Limestone and/or Mr. Alwash should be precluded from maintaining its posting of the Recording, obtained wrongfully and/or illegally, on LinkedIn or any other publically accessible media.

  f. Mr. Alwash should be precluded from maintaining his postings on LinkedIn or any other publically accessible media that Sensitech or Carrier "is a criminal organization."

54. Sensitech seeks a declaratory judgment pursuant to M.G.L. c. 231A, and it asks this Court to determine that:

  a. Limestone and Mr. Alwash should be precluded from using or disclosing Sensitech's Confidential Information over which either of them has possession, custody or control (including precluding Limestone and Mr. Alwash from continuing to post the Recording on Limestone's LinkedIn page);

  b. Limestone and Mr. Alwash should be required to return to Sensitech any of the company's Confidential Information in their possession, custody or control;

  c. Limestone and Mr. Alwash should be precluded from representing that either of them is an authorized distributor of Sensitech's products; and

  d. Limestone and Mr. Alwash should be precluded from attempting to sell any Sensitech products.

  e. Limestone and/or Mr. Alwash should be precluded from maintaining its posting of the Recording, obtained wrongfully and/or illegally, on LinkedIn or any other publically accessible media and be affirmatively required to take such posting down from LinkedIn.

  f. Mr. Alwash should be precluded from maintaining his postings that Sensitech or Carrier "is a criminal organization" on LinkedIn or any other publically accessible media and be affirmatively required to take such postings down from LinkedIn.

### COUNT X
### (Declaratory Judgment vs. LinkedIn)

55. Sensitech repeats and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

56. In light of the facts set forth above, a justiciable controversy exists between Sensitech, on the one hand, and LinkedIn, on the other hand, as to whether LinkedIn should be required to take down (i) the posting of the Recording on Limestone's LinkedIn page, (ii) the postings on Mr. Alwash's LinkedIn page, stating that Sensitech or Carrier "is a criminal organization," and (ii) the posting on Mrs. Alwash's LinkedIn page, stating that she "just got threatened at my home" by representatives of Sensitech and Carrier and "what's next: murder?"

57. Sensitech seeks a declaratory judgment pursuant to M.G.L. c. 231A, and it asks this Court to determine that LinkedIn should be required to take down (i) the posting of the Recording on Limestone's LinkedIn page, (ii) the postings on Mr. Alwash's LinkedIn page, stating that Sensitech and Carrier "is a criminal organization," and (iii) the posting on Mrs. Alwash's LinkedIn page, stating that she "just got threatened at my home" by representatives of Sensitech and Carrier and "what's next: murder?"

### COUNT XI
### (Injunctive Relief vs. Limestone, Mr. Alwash and LinkedIn)

58. Sensitech repeats and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

59.Sensitech has requested that LinkedIn take down the Recording from Limestone's LinkedIn page, but LinkedIn has refused to do so, asserting that the Communications Decency Act of 1996 relieves LinkedIn from having to determine if the posting of the Recording is legally improper.

60.The posting of the Recording on Limestone's LinkedIn page is legally improper.

61.The posting of the statement that Sensitech and Carrier "is a criminal organization" on Mr. Alwash's LinkedIn page is legally improper.

62.The posting on Mrs. Alwash's LinkedIn page, stating that she "just got threatened at my home" by representatives of Sensitech and Carrier and "what's next: murder?" is legally improper.

63.The continual publication of the Recording on Limestone's LinkedIn page has caused and is continuing to cause Sensitech to suffer irreparable harm.

64.The continual publication of the statement that Sensitech and Carrier "is a criminal organization" on Mr. Alwash's LinkedIn page is continuing to cause Sensitech to suffer irreparable harm.

65.The continual publication of the statement by Mrs. Alwash on her LinkedIn page that she "just got threatened at my home" by representatives of Sensitech and Carrier and "what's next: murder?" is continuing to cause Sensitech to suffer irreparable harm.

66.Limestone and Mr. Alwash have no right to continue to post the Recording on Limestone's LinkedIn page and/or otherwise.

67.Mr. Alwash has no right to continue to post on his LinkedIn page that Sensitech or Carrier "is a criminal organization."

68. Mrs. Alwash has no right to continue to post on her LinkedIn page the statement that she "just got threatened at my home" by representatives of Sensitech and Carrier and "what's next: murder?"

69. Sensitech is not seeking to hold LinkedIn liable for any harm Sensitech has suffered, but only seeks injunctive relief against it to prevent Limestone, Mr. Alwash and Mrs. Alwash from continuing to cause Sensitech immediate and irreparable harm.

70. LinkedIn will not suffer any harm if Sensitech is granted the injunctive relief it seeks.

**WHEREFORE**, Plaintiff, Sensitech Inc. prays that this Court:

a. Enter a judgment in its favor on all Counts of this Complaint;

b. Award Sensitech Inc. all damages it proves at trial to have suffered as a result of Defendants' conduct as described above;

c. Award Sensitech Inc. triple damages pursuant to M.G.L. c. 93A;

d. Declare, pursuant to M.G.L. c. 231A, that (i) Limestone FZE and Samer Alwash are precluded from using or disclosing any of Sensitech Inc.'s Confidential Information over which Limestone FZE and/or Samer Alwash have possession, custody or control; (ii) Limestone FZE and Samer Alwash shall return to Sensitech Inc. any of the company's Confidential Information over which Limestone FZE and/or Samer Alwash have possession, custody or control; (iii) Limestone FZE and Samer Alwash are precluded from representing that either of them is an authorized distributor of Sensitech Inc.'s products; (iv) Limestone FZE and Samer Alwash are precluded from attempting to sell any Sensitech Inc. product; and (v) LinkedIn shall take down the Recording from Limestone's LinkedIn page and the postings on Mr. Alwash's LinkedIn page stating that Sensitech and Carrier "is a criminal organization;"

e. Enter a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction (i) precluding Limestone FZE and Samer Alwash from using or disclosing any of Sensitech Inc.'s Confidential Information over which Limestone FZE and/or Samer Alwash have possession, custody or control; (ii) directing Limestone FZE and Samer Alwash to immediately return to Sensitech Inc. any of the company's Confidential Information over which Limestone FZE and/or Samer Alwash have possession, custody or control; (iii) precluding Limestone FZE and

Samer Alwash from representing that either of them is an authorized distributor of Sensitech Inc.'s products; (iv) precluding Limestone FZE and Samer Alwash from attempting to sell any Sensitech Inc. products; (v) directing Limestone FZE, Samer Alwash and LinkedIn Corporation to take down the Recording; (vi) directing Limestone FZE, Samer Alwash and LinkedIn Corporation to take down any postings on Limestone's, or Mr. Alwash's LinkedIn page referencing Sensitech, Carrier and/or any of their employees, representatives or agents; (vii) precluding Limestone FZE and Samer Alwash from posting on any social media, including but not limited to LinkedIn, Twitter, Instagram, and Facebook, any matters that reference in any way Sensitech, Carrier and/or any of their employees, representatives, affiliates, or agents; (viii) directing LinkedIn Corporation to take down any postings on Wendy Alwash's LinkedIn page referencing Sensitech, Carrier and/or any of their employees, representatives or agents; and (ix) precluding Limestone FZE and Samer Alwash from urging or assisting in any other way Wendy Alwash or anyone else to post on any social media, including but not limited to LinkedIn, Twitter, Instagram, and Facebook, any matters that reference in any way Sensitech, Carrier and/or any of their employees, representatives, affiliates or agents

f. Award Sensitech Inc. all costs, expenses and attorneys' fees it incurs in prosecuting this matter;

g. Award Sensitech Inc. such other and further relief that justice so requires.

Respectfully submitted,

**SENSITECH INC.**

By its attorneys,

*/s/ Shepard Davidson*
Shepard Davidson (BBO #557082)
sdavidson@burnslev.com
Gregory S. Paonessa (BBO #691216)
gpaonessa@burnslev.com
Burns & Levinson LLP
125 High Street
Boston, MA 02110
617-345-3336

Dated: May 22, 2020

**CERTIFICATE OF SERVICE**

    I hereby certify that on this date, <u>May 22, 2020</u>, a true copy of the above document was served upon each party by email.

<u>*/s/ Shepard Davidson*</u>
Shepard Davidson (BBO #557082)
