UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SENSITECH INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 20-11043 |
| | ) |
| LIMESTONE FZE, and SAMER ALWASH | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S ANTI-SLAPP MOTION TO DISMISS**[1]

Because (i) the procedures of this Court do not allow for a "Special Motion to Dismiss" pursuant to M.G.L. c. 231, § 59H, and (ii) this action plainly is not a so-called "SLAPP Suit," defendant's Motion to Dismiss Complaint Pursuant to anti-SLAPP Legislation ("Special Motion to Dismiss") should be denied.

**FACTUAL BACKGROUND**

Sensitech, Inc. ("Sensitech") is a world leader in manufacturing and selling products and services to monitor the quality, integrity and security of its customers' valuable products during their transport across a state or around the world. For more than 25 years, leading companies in the food, pharmaceutical, industrial, consumer goods, and other industries have relied on Sensitech to help monitor and protect their products.

Mr. Alwash is the Managing Director, owner and sole decision-maker of/for Defendant

---

[1] By submitting this substantive Opposition, Sensitech is not waiving its position that the Special Motion to Dismiss should be struck because it plainly was ghost-written by an attorney who did not sign the pleading. *See* Motion to Strike and Bar "Ghost-Written" Filings (ECF Dkt. No. 31).

1

Limestone FZE ("Limestone"), a company that provides customers in the Middle East with various devices to monitor their products while they are being shipped. In or about 2008, Alwash/Limestone began working as a distributor of Sensitech's products in the Middle East, and in April of 2015, the parties executed a written Distributor Agreement ("Distributor Agreement" **Exhibit A** hereto), which Mr. Alwash negotiated and executed.

Pursuant to the Distributor Agreement, Alwash/Limestone would buy products from Sensitech on credit, re-sell them to end-users and then pay back Sensitech. By the time the Distributor Agreement ultimately came to a conclusion on December 31, 2018, Alwash/Limestone owed Sensitech $114,655.41 for products purchased on credit. When Sensitech decided not to renew the Distributor Agreement for 2019, Mr. Alwash plainly became disgruntled, and he/Limestone refused to pay the $114,655.41 owed to Sensitech.[2] Even more outrageous than that, however, Mr. Alwash later revealed that he had secretly recorded a dinner conversation with a representative of Sensitech that involved Sensitech's confidential business information (the "Recording") and posted that Recording on Limestone's LinkedIn page.

When Mr. Alwash refused to take down the public posting of the Recording, Sensitech filed this suit and sought a Temporary Restraining Order and Preliminary Injunction, mandating that he do so. Then, after Mr. Alwash was served with process in the litigation, the following occurred:

- Mr. Alwash published at least three posts on his personal LinkedIn page, stating, *inter alia*, that Sensitech and its parent, Carrier "is a criminal organization."

- Wendy Alwash, Mr. Alwash's wife ("Mrs. Alwash"), published on her LinkedIn page the false statement that she "just got threatened at my home" by representatives of Sensitech

---

[2]    While Sensitech originally brought suit in 2018 to collect such funds (and for other reasons), it was unable to obtain service on Mr. Alwash and/or Limestone, and Sensitech eventually dismissed that action.

and Carrier and went on to state: "what's next: murder?"

- Mrs. Alwash also published on her LinkedIn page the email of Sensitech's in-house counsel, Lisa Bongiovi, and told people to email Attorney Bongiovi.[3]

Sensitech responded by amending its Complaint and proposed injunctive order, which this Court later adopted in all substantive respects. Now, Mr. Alwash seeks to be dismissed from this action, arguing that it is a SLAPP suit brought by Sensitech, designed to chill his right to engage in "petitioning activity." As discussed fully below, however, Mr. Alwash's position simply has no merit.

## ARGUMENT

### I.    The Procedures Of This Court Do Not Allow Consideration Of A "Special Motion To Dismiss" Pursuant To M.G.L. c. 231, § 59H

As numerous cases in the First Circuit and Supreme Court have made clear, "a federal court sitting in diversity jurisdiction applies the state's substantive law and the federal procedural rules." *Godin v. Schencks*, 629 F.3d 79, 85 (1st Cir. 2010). While cases prior to *Godin* reasoned that M.G.L. c. 231, § 59H, the anti-SLAPP statute, was procedural and, therefore, was not applicable to federal actions, *Godin* and several District Court cases took a contrary position. Seven years after *Godin,* however, the Massachusetts Supreme Judicial Court settled the matter once and for all, ruling in a pair of cases that the anti-SLAPP statue was and is procedural. *Blanchard v. Steward Carney Hosp., Inc.*, 477 Mass. 141, 147 (2017) ("the anti-SLAPP statute provides a ***procedural*** remedy for early dismissal of the disfavored lawsuits") (emphasis added, internal quotations and citations omitted); *477 Harrison Ave., LLC v. Jace Bos., LLC*, 477 Mass. 162, 167 (2017) ("The anti-SLAPP statute provides a ***procedural*** remedy for early dismissal of

---

[3]    There can be no serious doubt that Mr. Alwash was behind the defamatory publications on Mrs. Alwash's LinkedIn page, and he never has denied this.

3

lawsuits …") (emphasis added, internal quotations and citations omitted). As such, and because the procedures of the anti-SLAPP statute are at odds with Rule 12 of the Federal Rules of Civil Procedure, the Special Motion to Dismiss should be denied. *Hanna v. Plumer*, 380 U.S. 460, 473–74 (1965) ("To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act.").

**II.     Even If The Anti-SLAPP Statute Was Applicable, It Would Not Require Dismissal Of This Action**

**A.     The Purpose And Function Of The Anti-SLAPP Statute**

M.G.L. c. 231, § 59H was enacted to provide a mechanism for defendants to obtain early dismissal of "SLAPP" suits, *i.e.*, "'lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" *Blanchard*, 477 Mass. at 147 (quoting *Duracraft v. Holmes Prods. Corp.*, 427 Mass. 156, 161(1998)). That mechanism is a "special motion to dismiss." M.G.L. c. 231, § 59H. To prevail on such a motion, the special movant "must make a threshold showing through pleadings and affidavits that the claims against it are 'based on' the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." *Blanchard,* 477 Mass. at 147 (citations omitted).

Even if such a showing is made by the moving party, the nonmoving party still can defeat the special motion to dismiss in two ways.  First, the nonmoving party may demonstrate that the special movant's petitioning activities upon which the challenged claim is based lack a reasonable basis in fact or law, *i.e.*, constitute sham petitioning, and that the petitioning activities at issue caused the nonmoving party injury.  *Id.* at 159. Second:

4

> [T]he nonmoving party may … defeat the special motion to dismiss by demonstrating … that each such claim was not primarily brought to chill the special movant's legitimate petitioning activities. To make this showing, the nonmoving party must establish … that its primary motivating goal in bringing its claim, viewed in its entirety, was not to interfere with and burden defendants' ... petition rights, but to seek damages for the personal harm to [it] from [the] defendants' alleged ... [legally transgressive] acts.

*Blanchard*, 477 Mass. at 160 (quotation omitted). "In applying this standard, the motion judge, in the exercise of sound discretion, is to assess the totality of the circumstances pertinent to the nonmoving party's asserted primary purpose in bringing its claim. The course and manner of proceedings, the pleadings filed, and affidavits stating the facts upon which the liability or defense is based . . . may all be considered in evaluating whether the claim is a 'SLAPP' suit." *Id.* (quotation omitted).

### B.  Mr. Alwash Has Failed To Establish That This Lawsuit Is Based On His Petitioning Activity

As an initial matter, it is important to note that Mr. Alwash never identifies the "petitioning activity" on which he contends Sensitech's claims are based. Nevertheless, in light of how Chapter 231, §59 H defines that term,[4] the only petitioning activity referenced in the Special Motion to Dismiss are reports Mr. Alwash supposedly made to the "regulatory authorities in the United Arab Emirates, Saudi Arabia and The Netherlands police …." Special Motion to Dismiss at p. 3. As the Complaints filed in this matter make clear, however, none of

---

[4]    Petitioning activity means:

[A]ny written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.

M.G.L. c. 231, § 59H.

Sensitech's claims are based on any such petitioning activity. Put another way, Mr. Alwash has failed even to attempt to make a threshold showing that Sensitech's claims against him are based on his petitioning activities alone and/or that Sensitech's claims have no substantial basis other than or in addition to such petitioning activity. Accordingly, for this reason, alone, the Special Motion to Dismiss should be denied. *Blanchard,* 477 Mass. at 147 (To prevail on such a motion, the special movant "must make a threshold showing through pleadings and affidavits that the claims against it are 'based on' the petitioning activities *alone* ….") (Emphasis added.)

### C.    This Litigation Was Not Brought To Chill Mr. Alwash's Right To Petition

As noted above, the Special Motion to Dismiss also should be denied if this lawsuit is not a bona fide SLAPP suit, *i.e.*, if it "was not 'brought primarily to chill' the special movant's legitimate exercise of its right to petition." *Blanchard*, 477 Mass. at 159. In this case, the overall context set out in the Amended Complaint [ECF Dkt. No. 12] the Affidavit of Michael Hurton [ECF Dkt. No. 10] and other materials submitted by Sensitech in connection with its Motion for Preliminary Injunction confirms that this action was brought to (i) seek damages for breach of contract, tortious interference, and defamation; (ii) seek the return of Sensitech's confidential information; (iii) seek various declaratory judgments; and (iv) seek injunctive orders to preclude the disclosure of Sensitech's confidential information and the posting of gratuitous, defamatory statements by the defendants. Conversely, there literally is nothing to suggest that this action was brought to chill Mr. Alwash's right to petition the various authorities in the United Arab Emirates, Saudi Arabia or the Netherlands.[5] As such, this litigation is not a SLAPP suit, and for this reason, as well, the Special Motion to Dismiss should be denied.[6]

---

[5]    For instance, Mr. Alwash has not provided this Court with information as to when he contacted the authorities in the United Arab Emirates, Saudi Arabia or the Netherlands; when Sensitech became aware of such communications; and how this relates to the timing of this lawsuit.

[6]    While Mr. Alwash should not be allowed to assert in Reply that Sensitech's claims are based on petitioning

## CONCLUSION

For all of the foregoing reasons, the Special Motion to Dismiss should be denied.


SENSITECH INC.

By its attorneys,

*/s/ Shepard Davidson*
Shepard Davidson (BBO #557082)
sdavidson@burnslev.com
Gregory S. Paonessa (BBO #691216)
gpaonessa@burnslev.com
Burns & Levinson LLP
125 High Street
Boston, MA 02110
617-345-3336

Dated:  June 22, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed the foregoing Opposition to Defendant's Anti-SLAPP Motion to Dismiss using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record. I hereby certify that I have also served a copy of the foregoing on Defendants, Samer Alwash and Limestone FZE, via email, to Mr. Alwash, who is *pro se* and does not have an ECF login and Limestone is not yet represented by counsel so neither will receive ECF email notification of this filing.


*/s/ Gregory S. Paonessa*
Gregory S. Paonessa (BBO #691216)

Dated: June 22, 2020

4843-1986-3744.2

---

activity other than as already set forth in the Motion to Dismiss (because it was incumbent upon him to do so in his initial filing and would be unfair for him to change his position now), if he does, Sensitech reserves its right to challenge the Special Motion to Dismiss by arguing that such petitioning activity is "sham petitioning, and that the petitioning activities at issue caused the nonmoving party injury." *Blanchard*, 477 Mass. at 159.