# EXHIBIT
# A

## Gregory Paonessa

| | |
|---|---|
| **From:** | Shepard Davidson |
| **Sent:** | Thursday, July 23, 2020 8:04 AM |
| **To:** | 'Bromberg, Lee' |
| **Cc:** | Gregory Paonessa; 'Thomson, James' |
| **Subject:** | RE: Follow Up |

Lee,

In our first call when you said you wanted to file a motion to vacate the Order, I offered to discuss narrowing the injunction, and I told you I would not agree to dissolve it. That has not changed. As for the implication that I pressed Judge Gorton at the hearing on the motion for an injunction to issue an order that was moot, that is not a fair characterization, and the record will speak for itself. More important than all of this, do you or your client have any interest in trying to settle this matter?

Shep

## Shepard Davidson
Partner, Business Litigation
D  617.345.3336
sdavidson@burnslev.com

Burns & Levinson LLP
125 High Street  Boston, MA 02110
P  617.345.3000 | F  617.345.3299
Bio | LinkedIn | in-houseadvisor.com | **burnslev.com**

:::::::::::::::::::::::::::::::::::::::::::::::::::::::
*Only print this e-mail if necessary.
This e-mail message is intended only for the designated recipient(s). It may contain confidential or proprietary information, and may be subject to the attorney-client privilege and/or other confidentiality protections. If you are not the intended recipient, you may not review, retain, disseminate, distribute or copy this communication. If you have received this communication in error, please notify us immediately by telephone or reply e-mail. Thank you.

**From:** Bromberg, Lee [mailto:LBromberg@McCarter.com]
**Sent:** Wednesday, July 22, 2020 8:36 PM
**To:** Shepard Davidson <sdavidson@burnslev.com>
**Cc:** Gregory Paonessa <gpaonessa@burnslev.com>; Thomson, James <jthomson@mccarter.com>
**Subject:** Re: Follow Up

Shep,
We do not assent to your motion.
On the PI, you never responded to my proposal for a joint motion to dissolve it.  What is your position?  At the time of the hearing before Judge Gorton, you already knew that the posts of which you complained had been taken down.  Yet you pressed the Court to enter an injunction against a pro se defendant.  Why did you do that?

Lee

Sent from my iPhone

On Jul 22, 2020, at 9:51 AM, Shepard Davidson <sdavidson@burnslev.com> wrote:

1

**\*\*External Message\*\***

Lee,

We are willing to substantially narrow the scope of the Injunction such that paragraphs 7 and 8 only apply to publications that were false, defamatory, designed to inflict harm on Sensitech (or Carrier and/or any of their employees, representatives, affiliates or agents), and/or that revealed any of Sensitech's or Carrier's confidential information. Please let me know if you will agree to this as a way to resolve the Motion to Dissolve. If not, please let me know if you will assent to us filing our Opposition to that Motion tomorrow. As I said in my email to you yesterday, I was on vacation last week and somehow mis-calendared the date the Opposition was due. Finally, and most important of all, I would like to continue our conversation about settlement. As I told you previously, none of the other attorneys who represented Mr. Alwash/Limestone prior to you would give me a demand, so I do not know what he wants in order to settle. You were going to check with him, but I have not heard back from you in this regard.

I am generally around today, so please feel free to call me on my cell phone. 617-290-3938.

Shep

**Shepard Davidson**
Partner, Business Litigation
**D** 617.345.3336
sdavidson@burnslev.com

Burns & Levinson LLP
125 High Street  Boston, MA 02110
**P** 617.345.3000 | **F** 617.345.3299
Bio | LinkedIn | in-houseadvisor.com | **burnslev.com**

::::::::::::::::::::::::::::::::::::::::::::::::::::::
*Only print this e-mail if necessary.
This e-mail message is intended only for the designated recipient(s). It may contain confidential or proprietary information, and may be subject to the attorney-client privilege and/or other confidentiality protections. If you are not the intended recipient, you may not review, retain, disseminate, distribute or copy this communication. If you have received this communication in error, please notify us immediately by telephone or reply e-mail. Thank you.

**From:** Bromberg, Lee [mailto:LBromberg@McCarter.com]
**Sent:** Tuesday, July 07, 2020 10:23 AM
**To:** Shepard Davidson <sdavidson@burnslev.com>
**Cc:** Gregory Paonessa <gpaonessa@burnslev.com>; Thomson, James <jthomson@mccarter.com>
**Subject:** RE: Follow Up

Hi Shep,

In view of your acknowledgment that the preliminary injunction is overbroad, and thus that Sensitech prevailed upon the Court to issue an injunction for which it did not have adequate support, perhaps you would consider assenting to the motion to vacate the preliminary injunction. You do not need to wait for your Opposition to do so.

Lee

**Lee Carl Bromberg | Partner**
McCarter & English, LLP
265 Franklin Street | Boston, MA 02110

lbromberg@mccarter.com | www.mccarter.com | V-Card
T 617.449.6538    M 617.909.5005

Boston | Hartford | Stamford | New York | Newark | East Brunswick | Philadelphia | Wilmington | Washington, DC

---

**From:** Shepard Davidson <sdavidson@burnslev.com>
**Sent:** Monday, July 6, 2020 8:38 PM
**To:** Bromberg, Lee <LBromberg@McCarter.com>
**Cc:** Gregory Paonessa <gpaonessa@burnslev.com>; Thomson, James <jthomson@mccarter.com>
**Subject:** RE: Follow Up

**\*\*External Message\*\***

---

Lee,

You gave very broad grounds for your motion, and I said I was amenable to considering them, but I needed to see your legal support. I even said that I would consider dissolving the injunction if you had legal support for doing so, but you refused to provide me with any legal authority on any aspect of your motion. I also told you I would absolutely agree to narrow the scope of the injunction, but you would not engage in a discussion as to how we might do that. In sum, you refused to have a good faith discussion to see if we could narrow areas of dispute. Saying that we can do that in the context of my Opposition plainly is not what Rule 7.1 contemplates.

Shep

**Shepard Davidson**
Partner, Business Litigation
D  617.345.3336
sdavidson@burnslev.com

Burns & Levinson LLP
125 High Street  Boston, MA 02110
P  617.345.3000  |  F  617.345.3299
Bio | LinkedIn | in-houseadvisor.com | **burnslev.com**

::::::::::::::::::::::::::::::::::::::::::::::::::::
*Only print this e-mail if necessary.
This e-mail message is intended only for the designated recipient(s). It may contain confidential or proprietary information, and may be subject to the attorney-client privilege and/or other confidentiality protections. If you are not the intended recipient, you may not review, retain, disseminate, distribute or copy this communication. If you have received this communication in error, please notify us immediately by telephone or reply e-mail. Thank you.

---

**From:** Bromberg, Lee [mailto:LBromberg@McCarter.com]
**Sent:** Monday, July 06, 2020 5:12 PM
**To:** Shepard Davidson <sdavidson@burnslev.com>
**Cc:** Gregory Paonessa <gpaonessa@burnslev.com>; Thomson, James <jthomson@mccarter.com>
**Subject:** RE: Follow Up

Dear Shep,

3

I don't understand.  I laid out the grounds for our motion to vacate or modify clearly and concisely, and you did not agree with them.  We certainly did confer pursuant to 7.1 .  If on reading our motion, you change your position and agree with it, then we can advise the Court of our agreement.

Lee

**From:** Shepard Davidson <sdavidson@burnslev.com>
**Sent:** Monday, July 6, 2020 3:45 PM
**To:** Bromberg, Lee <LBromberg@McCarter.com>
**Cc:** Gregory Paonessa <gpaonessa@burnslev.com>
**Subject:** Follow Up

**\*\*External Message\*\***

Lee,

As I just said on our phone call, I am prepared to have a Rule 7.1 conference in good faith with respect to a Motion to Modify or Vacate the Preliminary Injunction in the Sensitech v. Limestone matter. You made a number of vague requests and arguments on our call, and I need to see what you really want and what legal support you have for them. If you file without giving me that opportunity, I will take the position that your motion should be denied based on the failure to have a true 7.1 conference.

Shep

## Shepard Davidson
Partner, Business Litigation
D  617.345.3336
sdavidson@burnslev.com

Burns & Levinson LLP
125 High Street  Boston, MA 02110
P  617.345.3000  |  F  617.345.3299
Bio | Linkedln | in-houseadvisor.com | **burnslev.com**

::::::::::::::::::::::::::::::::::::::::::::::::::
*Only print this e-mail if necessary.
This e-mail message is intended only for the designated recipient(s). It may contain confidential or proprietary information, and may be subject to the attorney-client privilege and/or other confidentiality protections. If you are not the intended recipient, you may not review, retain, disseminate, distribute or copy this communication. If you have received this communication in error, please notify us immediately by telephone or reply e-mail. Thank you.

We are committed to helping you navigate the COVID-19 crisis. Please visit our Coronavirus Resource Center for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our COVID-19 Taskforce.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

We are committed to helping you navigate the COVID-19 crisis. Please visit our Coronavirus Resource Center for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our COVID-19 Taskforce.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**We are committed to helping you navigate the COVID-19 crisis. Please visit our Coronavirus Resource Center for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our COVID-19 Taskforce.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.