```
                United States District Court
                  District of Massachusetts
_____
                                    )
Sensitech Inc.,                     )
                                    )
        Plaintiff,                  )
                                    )
             v.                     )   Civil Action No.
                                    )   20-11043-NMG
LimeStone FZE and Samer Alwash      )
                                    )
        Defendants.                 )
_____)
```

**Memorandum & Order**

**GORTON, J.**

In June, 2020, this Court entered a preliminary injunction against LimeStone FZE ("LimeStone"), Samer Alwash ("Mr. Alwash") and LinkedIn Corporation ("LinkedIn") (collectively "defendants") in response to allegations of plaintiff Sensitech, Inc. ("Sensitech" or "plaintiff") that LimeStone and Mr. Alwash have engaged in a variety of activities designed solely to harm Sensitech's business. Soon thereafter, LinkedIn was voluntarily dismissed from the case. The preliminary injunction requires defendants to comply with eight conditions. The two most pertinent to the pending motion can be summarized as requiring defendants:

> to refrain from posting (or assisting others in posting) on any social media, including but not limited to LinkedIn, Twitter, Instagram, and Facebook, any matters that refer in any way to

-1-

>Sensitech, Carrier and/or any of their employees, representatives, affiliates, or agents.

Preliminary Injunction, ¶¶ 7 and 8.

In response to the entry of the preliminary injunction, defendants have filed a motion to dissolve or modify the original order (Docket No. 41). Defendants assert that: 1) the injunction was entered against unrepresented parties, 2) the injunction did not include findings of fact and conclusions of law required of interlocutory orders and 3) it contains a broad prior restraint prohibited by the First Amendment, i.e., particularly the provisions of Paragraphs 7 and 8. The Court held a hearing on the motion on September 16, 2020.

## II. Background

Sensitech is a Delaware corporation that manufactures and sells products and services to monitor the quality, integrity and security of its customers' products during their transport across a state or around the world. Mr. Alwash is an individual who resides in Amsterdam, Netherlands and who is the Managing Director, owner and sole-decision-maker of LimeStone. LimeStone is a Dubai-based company that assists customers in the Middle East by providing them with various devices to monitor their products while they are being shipped.

In or about 2015, Sensitech and LimeStone executed a Distributor Agreement ("the Agreement"), pursuant to which

LimeStone would buy products from Sensitech on credit, re-sell them to end-users and then reimburse Sensitech. During the business relationship, Sensitech submits that it disclosed confidential information to LimeStone, including customer-specific pricing, price lists, product development roadmaps and Professional Services trade secrets, plans and documents.

The business relationship was terminated by Sensitech in 2018. It alleges that, at that time, LimeStone owed it approximately $115,000 for products LimeStone had purchased on credit. Sensitech contends that LimeStone has failed to pay its debt or return the confidential information of Sensitech that remains in the possession, custody or control of LimeStone.

In May, 2020, Sensitech brought an action in the Massachusetts Superior Court to collect the debt and have its confidential information returned. It also sought to enjoin LimeStone from continuing to represent that LimeStone was an authorized distributor of Sensitech's products after the Agreement expired and from attempting to sell Sensitech's products to end-users.

Sensitech alleged that Mr. Alwash and LimeStone engaged in a variety of other activities designed solely to harm Sensitech's business. For example, Mr. Alwash allegedly posted on LinkedIn a secretly recorded dinner conversation with a Sensitech representative during which a variety of Sensitech's

confidential information was discussed. Sensitech also asserts that since it filed the action, Mr. Alwash published at least three additional posts to his LinkedIn page stating that Sensitech and its parent, Carrier, "is a criminal organization."

Sensitech contends that the alleged conduct constitutes: Breach of Contract by Limestone (Count I); Breach of Implied Covenant of Good Faith and Fair Dealing by LimeStone (Count II); Conversion (Count III); Violation of the Massachusetts Trade Secrets Act M.G.L. Ch. 93 § 42A (Count IV); Tortious Interference (Count V); Common Law Misappropriation (Count VI); Violation of M.G.L. Ch. 93A (Count VII); and Defamation (Count VIII).

The case was removed to this Court on diversity grounds in late May, 2020.

**A. Plaintiff's Motion for a Preliminary Injunction**

In June, 2020, Sensitech moved this Court to enter a Temporary Restraining Order ("TRO") and Preliminary Injunction to prevent defendants Limestone and Mr. Alwash from 1) using or disclosing any of Sensitech's confidential information, 2) representing that either LimeStone or Mr. Alwash is an authorized distributor of Sensitech's products, or 3) attempting to sell any Sensitech products; and to direct LimeStone and Mr. Alwash 4) to return to Sensitech any of the company's confidential information in their control and 5) to remove any

postings of a recorded conversation involving a representative of Sensitech on LimeStone's LinkedIn page.

This Court held a hearing on Sensitech's motion on June 4, 2020 ("the June hearing"). At that hearing, Mr. Alwash appeared without counsel and presented no rebuttal in opposition to Sensitech's allegations or to the entry of a preliminary injunction. He simply declared that this Court did not have personal jurisdiction over him. After considering the written and oral arguments, the Court found that 1) Sensitech had shown a likelihood of success on the merits of its claims, 2) Sensitech will likely suffer irreparable harm in the absence of injunctive relief, 3) the balancing of the harms weighs in its favor and 4) a preliminary injunction would not have a detrimental effect on the public interest, citing Jean v. Mass. State Police, 492 F.3d 24, 26-27 (1st Cir. 2007). The Court thereafter entered the preliminary injunction against defendants.

### III. Defendant's Motion to Dissolve or Modify the Preliminary Injunction Order

Defendants assert three grounds for vacating or modifying the preliminary injunction entered against them: 1) the injunction did not include findings of fact and conclusions of law required of interlocutory orders, 2) the injunction was

entered against unrepresented parties and 3) it contains a broad prior restraint prohibited by the First Amendment.

### 1. The Court's Factual Findings

The Court agrees with defendants that, pursuant to Fed. R. Civ. P. 52(a)(2), the order allowing the preliminary injunction should more definitively spell out the reasons for its entry in the first place.  Accordingly, the Court adopts the uncontradicted reasoning provided by Sensitech in its supporting papers filed with its original motion, namely that it has shown a likelihood that it can prove that defendants have:

1) breached the Distributor Agreement by misappropriating Sensitech's confidential information, disclosing it publicly and refusing to return it to Sensitech,

2) continued to represent to the public in the Middle East that LimeStone was an authorized distributor of Sensitech's products after the expiration of their Distributor Agreement,

3) posted on LimeStone's LinkedIn page a surreptitiously recorded conversation containing confidential information of Sensitech and

4) published, or caused to be published, additional posts on LinkedIn calling Sensitech "a criminal organization" in an attempt to harass, defame and tortuously interfere with Sensitech's business.

The Court also concludes that Sensitech has demonstrated that if LimeStone and Mr. Alwash are not enjoined, they would be free to continue to use and disseminate Sensitech's confidential information and post clearly untruthful and defamatory

statements relating to Sensitech, making manifest and significant the risk of irreparable harm to Sensitech if no injunction is entered.

Finally, the Court agrees with Sensitech's unrebutted claim that LimeStone would not suffer any irreparable harm if enjoined because the requested injunction simply prevents it from wrongfully using or disseminating Sensitech's confidential information.

### 2. Unrepresented Parties

With respect to defendants' argument that this Court should dissolve the preliminary injunction on the ground that it was issued against unrepresented parties, the Court is underwhelmed. Pro se defendants are not immune from preliminary injunctions, especially where, as here, the court held a hearing on the injunction and gave defendants ample notice of that hearing and an opportunity to be heard. Cf. Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) (vacating a preliminary injunction entered against a pro se litigant because the court, without providing notice to the litigant that an injunction could be entered against him, had sua sponte enjoined the litigant from filing any pro se actions in the district court).

### 3. Prior Restraints on Speech

Although there is a "strong presumption that prior restraints on speech are unconstitutional," a prior restraint

may be imposed when it furthers "the essential needs of the public order." Sindi v. El-Moslimany, 896 F.3d 1, 31-32 (1st Cir. 2018) (quoting Carroll v. President & Comm'rs of Princess Anne, 393 U.S. 175, 183 (1968)); see Kingsley Books, Inc. v. Brown, 354 U.S. 436, 441 (1957) ("The phrase 'prior restraint' is not a self-wielding sword.").

To further the essential needs of the public, the prior restraint must be "precisely tailored both to meet the exigencies of the particular case and to avoid censoring protected speech." Id. at 32.  If the party seeking the injunction can establish that

> the evil that would result from [the offending publication] is both great and certain and cannot be mitigated by less intrusive measures,

a prior restraint may be imposed. CBS, Inc. v. Davis, 510 U.S. 1315, 1317 (1994); see Sindi, 896 F.3d at 32.

To correct any undue censorship imposed upon defendants by Paragraphs 7 and 8 of the original preliminary injunction and yet maintain protection of Sensitech from irreparable harm, the Court will modify those paragraphs to restrain the defendants from posting on social media matters that

> are clearly false, defamatory or designed to inflict harm on Sensitech, including statements that represent Limestone as an authorized distributor of Sensitech's products, that imply Sensitech is a "criminal organization" and/or that disclose any confidential information of Sensitech or Carrier.

**ORDER**

In accordance with the foregoing, defendants' motion to dissolve or modify the preliminary injunction order (Docket No. 41) is **ALLOWED**, in part, and **DENIED**, in part.

The preliminary injunction entered by the Court on June 5, 2020, (Docket No. 23) is hereby vacated and replaced by the "Amended Preliminary Injunction" entered this date.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 17, 2020