UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SENSITECH INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: 1:20-11043 |
| v. ) | |
| ) | |
| LIMESTONE FZE, and SAMER ALWASH ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**[1]

Because, (i) pursuant to the Massachusetts Long Arm Statute, this Court has personal jurisdiction over Defendant Samer Alwash ("Mr. Alwash"), and (ii) exercising such jurisdiction is consistent with Due Process under the United States Constitution, Mr. Alwash's Motion to Dismiss Complaint for Lack of Personal Jurisdiction ("Motion to Dismiss") should be denied.

**FACTUAL BACKGROUND**[2]

Sensitech, Inc. ("Sensitech"), located in Beverley, Massachusetts, is a world leader in manufacturing and selling products and services employed to monitor the quality, integrity and security of its customers' valuable products during their transport across a state or around the world. For more than 25 years, leading companies in the food, pharmaceutical, industrial,

---

[1]    While Sensitech has heeded the Court's admonition in its Order dated December 23, 2020 (ECF Dkt. No. 61) that Sensitech should limit its Opposition to reasons other than the fact that Mr. Alwash is a principal of defendant Limestone FZE, Sensitech is not waiving, and incorporates herein by reference, the arguments sets forth in its prior Opposition to the Motion Dismiss (ECF Dkt. No. 33).

[2]    The Factual Background is based on the Amended Complaint (ECF Dkt. No. 12) and other undisputed facts.

1

consumer goods, and other industries have relied on Sensitech to help monitor and protect their products.

Mr. Alwash is the Managing Director, owner and sole decision-maker of/for Defendant Limestone FZE ("Limestone"), a company that provides customers in the Middle East with various devices to monitor their products while they are being shipped. In or about 2008, Alwash/Limestone began working as a distributor of Sensitech's products in the Middle East, and in April of 2015, the parties executed a written Distributor Agreement (the "Distributor Agreement"), ECF Dkt. No. 33-1, which Mr. Alwash negotiated and executed.

Pursuant to the Distributor Agreement, Alwash/Limestone would buy products from Sensitech on credit, re-sell them to end-users and then pay back Sensitech. By the time the Distributor Agreement ultimately came to a conclusion on December 31, 2018, Alwash/Limestone owed Sensitech $114,655.41 for products purchased on credit. When Sensitech decided not to renew the Distributor Agreement for 2019, Mr. Alwash plainly became disgruntled, and he/Limestone refused to pay the $114,655.41 owed to Sensitech.[3] Even more outrageous than that, however, Mr. Alwash later revealed that he had secretly recorded a dinner conversation with a representative of Sensitech that involved disclosure of Sensitech's confidential business information (the "Recording") and posted that Recording on Limestone's LinkedIn page.

When Mr. Alwash refused to take down the public posting of the Recording, Sensitech filed this suit and sought a Temporary Restraining Order and Preliminary Injunction, mandating that he do so. Then, after Mr. Alwash was served with process in the litigation, the following occurred:

---

[3]    While Sensitech originally brought suit in 2018 to collect such funds (and for other reasons), it was unable to obtain service on Mr. Alwash and/or Limestone, and Sensitech eventually dismissed that action.

- Mr. Alwash published at least three posts on his personal LinkedIn page, stating, *inter alia*, that Sensitech and its parent, Carrier "is a criminal organization."

- Wendy Alwash, Mr. Alwash's wife ("Mrs. Alwash"), published on her LinkedIn page the false statement that she "just got threatened at my home" by representatives of Sensitech and Carrier and went on to state: "what's next: murder?"

- Mrs. Alwash also published on her LinkedIn page the email address of Sensitech's in-house counsel, Lisa Bongiovi, and told people to email Attorney Bongiovi.[4]

Sensitech responded by amending its Complaint and proposed injunctive order, which this Court later adopted in all substantive respects. Sensitech's Amended Complaint asserts claims against Mr. Alwash that include conversion, violation of the Massachusetts Trade Secrets Act, tortious interference, common law misappropriation, violations of M.G.L. c. 93A and defamation. Now, Mr. Alwash seeks to be dismissed from this action, arguing that this Court has no personal jurisdiction over him. As discussed fully below, however, Mr. Alwash's position simply has no merit.

## **ARGUMENT**

**I.    This Court Has Personal Jurisdiction Over Mr. Alwash Based On The Massachusetts Long Arm Statute And The Due Process Clause Of The Fourteenth Amendment**

Sensitech acknowledges that because this is a diversity action, it must demonstrate that there is personal jurisdiction over Mr. Alwash pursuant to the Massachusetts Long Arm Statute, M.G.L. c. 223A, § 3, and that exercising such jurisdiction is consonant with the Due Process Clause of the Fourteenth Amendment. *Peterson v. Burke*, 433 F. Supp. 3d 212, 217 (D. Mass. 2020) (appeal pending).  Both of these prerequisites plainly have been met.

---

[4]    There can be no serious doubt that Mr. Alwash was behind the defamatory publications on Mrs. Alwash's LinkedIn page, and he never has denied this.

**A.     This Court Has Personal Jurisdiction Over Mr. Alwash Pursuant To M.G.L. c. 223A, § 3**

Pursuant to the Massachusetts Long Arm Statute, a "court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's … causing tortious injury by an act or omission in this commonwealth" or "transacting any business in this commonwealth …." M.G.L. c. 223A, § 3(c) and (a). Mr. Alwash is subject to the jurisdiction of this Court under both of these provisions.

**1.     Mr. Alwash Is Subject To Personal Jurisdiction In Massachusetts Because He Caused Tortious Injury By Acts In The Commonwealth**

As Judge Burroughs noted in *Ching-Yi Lin v. TipRanks, Ltd.*, 2019 WL 6211246, at *2 (D. Mass. Nov. 21, 2019) (slip opinion) (appeal pending), Section 3(c) of the Massachusetts Long Arm Statute has been liberally construed in cases arising out of internet postings emanating outside of the forum. In that case, the plaintiff alleged that TipRanks defamed her via publications on its website. TipRanks claimed that this Court had no personal jurisdiction over it, however, because TipRanks is an Israeli company that operates its website exclusively in Israel, is not registered to do business in Massachusetts, has no employees in Massachusetts, owns no real estate in Massachusetts, does not maintain any offices in Massachusetts and does not derive substantial revenue from business dealings in Massachusetts. *Id*. at *1. Notwithstanding all of this, the Court still found that because the allegedly defamatory material was "accessed or 'circulated' in Massachusetts, the act of defamation was committed in Massachusetts within the meaning of section 3(c) of the long-arm statute." *Id*. at *3.

Similarly, in *Abiomed, Inc. v. Turnbull*, 379 F. Supp. 2d 90 (D. Mass. 2005), this Court noted that "'an allegedly tortious act committed outside the borders of Massachusetts, purposefully directed at the state and intended to cause injury there, could constitute an in-forum

4

act within the meaning of section 3(c).'" (quoting *Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 205 (1st Cir. 1994)). *See also*, *Digital Equipment Corp. v. AltaVista Technology, Inc.*, 960 F.Supp. 456, 466–67 (D. Mass. 1997) (the posting of tortious material on the internet constituted conduct that met the in-forum requirement for purposes of Section 3(c) of the Massachusetts Long Arm statute); *Ealing Corp. v. Harrods, Ltd.,* 790 F.2d 978, 982 (1st Cir. 1986) (holding that a misrepresentation in a telex sent to Massachusetts would provide the basis for Section 3(c) jurisdiction); *Rye v. Atlas Hotels, Inc.,* 30 Mass. App. Ct. 904, 906, 566 N.E.2d 617 (1991) (knowingly sending a false statement into the Commonwealth is conduct falling within the ambit of c. 223A, § 3(c )); *Burtner v. Burnham,* 13 Mass. App. Ct. 158, 163, 430 N.E.2d 1233 (1982) ("[w]here a defendant knowingly sends into a state a false statement, intending that it should be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state.").

As with the cases discussed above, because Mr. Alwash's defamatory statements were published via LinkedIn, they necessarily were accessed and circulated in the Commonwealth. Accordingly, such conduct plainly satisfies the requirements of Section 3(c) of the Long Arm Statute.

### 2. Mr. Alwash Is Subject To Personal Jurisdiction In Massachusetts Because The Causes Of Action Arises From His Transaction Of Business Within The Commonwealth

As the First Circuit and the appellate courts of Massachusetts have made clear, analyzing whether a person transacted business within the Commonwealth for purposes of determining personal jurisdiction "transcend[s] the mere formalities of contract law, *Bond Leather Co. v. Q.T. Shoe Mfgr. Co.*, 764 F.2d 928, 933 (1st Cir. 1985), and is not confined to conduct or activities which physically take place within state geographical bounds. *Good Hope Indus., Inc. v. Ryder*

*Scott Co.*, [378 Mass. 1, 10 – 11 (1979)]. *See also, e.g., Gunner v. Elmwood Dodge, Inc.*, 24 Mass. App. Ct. 96 (1987); *Ballroom Bouquets, Inc. v. Balloon Telegram Deliv., Inc.*, 18 Mass. App. Ct. 935, 936–937 (1984)." *A.I. Credit Corp. v. Barmack, Inc.*, 1993 Mass. App. Div. 92, at *3, 1993 WL 133993 (Apr. 23, 1993). Indeed, "[a]s used in [c. 223A, §3(a)] the term 'transacting business' does not require purely commercial activity but is used to embrace any purposeful acts performed in Massachusetts, whether personal, private, or commercial." *Johnson v. Witkowski*, 30 Mass. App. Ct. 697, 713 (1991).

Here Mr. Alwash plainly engaged in purposeful acts performed in Massachusetts when he published false and defamatory statements about Sensitech on LinkedIn. Accordingly, for this reason, as well, Sensitech has satisfied its obligation of showing that jurisdiction under the Massachusetts Long Arm Statute exists.

## B.    Exercising Personal Jurisdiction Over Mr. Alwash Is Consonant With Due Process

> The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over a defendant in any State with which the defendant has certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation. The plaintiff's lack of "contacts" will not defeat otherwise proper jurisdiction, but they may be so manifold as to permit jurisdiction when it would not exist in their absence.

*Calder v. Jones*, 465 U.S. 783, 788 (1984) (internal citations and quotations omitted).

In *Calder*, television actress Shirley Jones sued the National Enquirer and the authors of an article it published that she claimed was defamatory.  Because the lawsuit was filed in California, and the authors lived in Florida, they moved to dismiss, arguing that the California Superior Court had no personal jurisdiction over them. While that Court allowed defendants' motion, the California Court of Appeals reversed. Ultimately, the Supreme Court of the United

States affirmed the Court of Appeals, stating the following:

> The allegedly libelous story concerned the California activities of a California resident. It impugned the professionalism of an entertainer whose television career was centered in California. The article was drawn from California sources, and the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California. In sum, California is the focal point both of the story and of the harm suffered. Jurisdiction over petitioners is therefore proper in California based on the "effects" of their Florida conduct in California.

*Id*., at 788–789.

The exact same logic holds true in this case: (i) Mr. Alwash's libelous and tortious conduct concerned the activities of a Massachusetts resident; (ii) Mr. Alwash impugned the integrity of a company that is based in Massachusetts; (iii) Mr. Alwash gathered the ultimate sources of information from the victim – again, which is in Massachusetts; and (iv) the harm was suffered in Massachusetts. In sum (and as in *Calder*), Massachusetts was the focal point of Mr. Alwash's conduct at issue in this case. As such, exercising jurisdiction over him in the Commonwealth is proper. *Id*.

Incredibly, even though *Calder* is directly on point, and Mr. Alwash's counsel knew that Sensitech would rely on it,[5] Mr. Alwash did not even address it in his Memorandum in Support of his Motion to Dismiss. Instead, Mr. Alwash tries to lead this Court away from that most relevant precedent by breaking out each of the elements of Due Process in isolation. Even if the Court were to ignore *Calder's* binding precedent and analyze the component parts of Due Process – relatedness, purposeful availment and reasonableness – it would come to the same conclusion that Mr. Alwash is subject to the jurisdiction of this Court.

---

[5]     Sensitech's initial Opposition to Mr. Alwash's Motion to Dismiss (ECF Dkt. No. 33) relied heavily on *Calder*.

### 1.    Relatedness

For relatedness to be established, the defendant need not be physically present in the forum state. *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 10 (1st Cir. 2009). In that case, Astro-Med sued Nihon Kohden in Rhode Island for tortious interference, even though the allegedly tortious conduct in which Nihon Kohden engaged took place in Florida. As the First Circuit held, however, Astro-Med's "in-forum injury was clearly related to Astro–Med's tortious interference claim, satisfying the [relatedness] prong of the minimum contacts analysis." *Id.* Likewise, in this case, because Sensitech's Massachusetts injury is clearly related to its defamation and tortious interference claims, the element of relatedness is satisfied.

### 2.    Purposeful availment

The "purposeful availment requirement assures that jurisdiction will not be based solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992) (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984)). As such, purposeful availment is met when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Here, Mr. Alwash's repeated, defamatory and other tortious conduct was calculated to have an impact in Massachusetts. The connection to the Commonwealth was not random, isolated and/or fortuitous, and it was reasonably foreseeable that Mr. Alwash might be sued in Massachusetts based on his actions. Accordingly, the element of purposeful availment also has been met.

### 3.    Reasonableness

While Mr. Alwash notes the five so-called "Gestault factors" that should be evaluated in considering whether it is reasonable for this Court to exercise personal jurisdiction over him, he does not discuss a single one. Instead, Mr. Alwash simply asserts that it would be unreasonable for him to have to defend this lawsuit in Massachusetts. In truth, however, any fair evaluation of those five factors indicates that it is eminently reasonable for this Court to exercise jurisdiction over him.

First, the burden of Mr. Alwash defending the claims against him in Massachusetts simply is not substantial in light of the facts that: (a) for all practical purposes Mr. Alwash already is defending this action because his company, Limestone, had its motion to dismiss denied, and Mr. Alwash is the sole controlling agent of that company; (b) any deposition of Mr. Alwash almost certainly will be via Zoom or an equivalent service; (c) Mr. Alwash's counsel is in Massachusetts; and (d) Mr. Alwash threatened to sue Sensitech in California – which is much farther away from Mr. Alwash's home in the Netherlands than is Massachusetts.[6]

Second, Massachusetts plainly has a strong interest in adjudicating the claims made by Sensitech against Mr. Alwash, as Sensitech is a citizen of Massachusetts.

Third, it certainly will be more convenient and effective to resolve the claims against Mr. Alwash in this case, as they overlap with the claims Sensitech is pursuing against Limestone. Similarly, discovery will be much more efficient if Mr. Alwash is a party-defendant, as multiple depositions of him can be avoided.

---

[6]       *See* LinkedIn message from Mr. Alwash, attached hereto as Exhibit A.

Fourth, the judicial system's interest in obtaining the most effective resolution of the claims against Mr. Alwash militates in favor of resolving them in this action because, again, the claims against him overlap with the claims Sensitech has against Limestone.

Fifth, and finally, the interests of all sovereigns in promoting substantive social policies also favors resolving the claims against Mr. Alwash here, as this will eliminate the risk that inconsistent judgments could enter if the claims against him are not resolved along with the claims against Limestone.

## CONCLUSION

For all of the foregoing reasons, this Court has personal jurisdiction over Mr. Alwash and, therefore, his Motion to Dismiss should be denied.

SENSITECH INC.

By its attorneys,

*/s/ Shepard Davidson*
Shepard Davidson (BBO #557082)
sdavidson@burnslev.com
Gregory S. Paonessa (BBO #691216)
gpaonessa@burnslev.com
Burns & Levinson LLP
125 High Street
Boston, MA 02110
617-345-3336

Dated:  January 8, 2021

10

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I electronically filed the foregoing Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

/s/ Gregory S. Paonessa
Gregory S. Paonessa (BBO #691216)

Dated: January 8, 2021

4823-3913-3654.2

11