**McCARTER & ENGLISH, LLP**
265 Franklin Street
Boston, Massachusetts 02110
Phone: (617) 449-6500
Fax: (617) 607-9200

*Counsel for Defendant Limestone FZE*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SENSITECH INC.,<br><br>                Plaintiff,<br><br>        v.<br><br>LIMESTONE FZE<br><br><br>                Defendant. | Civil Action No. 20-cv-11043-NMG<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, TO TAKE JURISDICTIONAL DISCOVERY** |

ME1 37227628v.1

Defendant LimeStone FZE ("LimeStone") respectfully requests that this Court deny Plaintiff Sensitech Inc.'s ("Sensitech") Motion for Reconsideration, or, Alternatively to Take Jurisdictional Discovery for the reasons set forth below.

## DISCUSSION

This Court should deny Sensitech's Motion because the Court correctly dismissed Mr. Alwash from the case for lack of personal jurisdiction for the following reasons: (1) Mr. Alwash is a Dutch citizen who has never been to, or conducted business in, Massachusetts; and (2) Mr. Alwash's position as the Managing Director of LimeStone, a Dubai-based corporation, does not subject him to this Court's jurisdiction because LimeStone has maintained corporate formalities at all times throughout its existence.

Sensitech's claim that "Mr. Alwash . . . *is* LimeStone" is baseless and devoid of any factual support. Mr. Alwash, solely in his capacity as the Managing Director of LimeStone, signed the Distributor Agreement between Sensitech and LimeStone, as this Court noted in its July 9, 2021 Memorandum and Order (Dkt. No. 84). Sensitech now argues that Mr. Alwash should be bound by the forum selection clause in the Distributor Agreement, even though Mr. Alwash and LimeStone are separate legal entities, "because [Mr. Alwash] is so closely related to Limestone that it was foreseeable that he would be so bound." Sensitech's Memorandum of Law In Support Of Motion, Dkt. No. 92, p. 2. However, the cases Sensitech cites in support thereof are inapplicable here. Sensitech cites to *Barletta Heavy Div., Inc. v. Erie Interstate Contractors, Inc.*, 677 F. Supp. 2d 373, 379 (D. Mass. 2009) for support that "a non-party may be bound by a forum selection clause [if it is] closely related to the dispute such that it becomes foreseeable that it will be bound." Dkt. No. 92, p. 2. However, in *Barletta* there was no dispute over personal jurisdiction, nor was there a dispute over whether an individual may be bound by a forum

1

selection clause in a contract it executed in its capacity as director of a corporation. *See Barletta*, 677 F. Supp. 2d at 379. Rather, the forum selection clause dispute involved multiple companies that were not parties to the contract. *Id.* Notwithstanding the completely different facts in *Barletta*, this Court decided that non-parties to the contract which contained the forum selection clause in that case were *not* bound by the forum selection clause. *Id.*

Sensitech's reliance on *Hugel v. Corp. of Lloyd's*, 999 F.2d 206 (7th Cir. 1993) for support that Mr. Alwash should be bound by the forum selection clause in the Distributor Agreement is similarly misplaced. First, *Hugel*, like *Barletta*, involved no dispute over personal jurisdiction. Second, In *Hugel*, an individual plaintiff signed a contract with a forum selection clause in his individual capacity. *See Hugel*, 999 F.2d at 207. The Seventh Circuit held that companies owned by the individual were bound by the forum selection clause because the individual "involved his two controlled corporations and supplied information allegedly belonging to those corporations" in the underlying dispute. *Id.* at 209. Conversely, Mr. Alwash did *not* sign the Distributor Agreement in his individual capacity and later involve companies he owns in the dispute, as did the individual in *Hugel*. Furthermore, the Seventh Circuit did not exercise personal jurisdiction in a round-about fashion over non-parties to a contract by holding that the non-parties were bound by the forum selection clause, as Sensitech erroneously argues this Court should do. Rather, the Seventh Circuit affirmed the district court's dismissal of the case on the ground that it was brought in the improper forum pursuant to the forum selection clause.

Lastly, Sensitech alternatively argues (in one sentence) that this Court should allow it to take jurisdictional discovery on the issue of whether the Court may exercise personal jurisdiction over Mr. Alwash. This Court should not allow Sensitech to take jurisdictional discovery because

2

this case has been pending for over one year and Sensitech has engaged in unnecessary delay by

only now requesting jurisdictional discovery.  If Sensitech believed it needed to engage in

jurisdictional discovery, it should have sought leave to do so long before now.  Indeed, Sensitech

has engaged in dilatory tactics to delay this proceeding from the outset.  LimeStone therefore

respectfully requests that this Court put an end to Sensitech's delays and hold a Rule 16

conference with the parties so that LimeStone may defend itself and pursue its counterclaims.

LIMESTONE FZE,

Respectfully submitted,
By its Attorneys,

*/s/ Lee Carl Bromberg*_____
Lee Carl Bromberg (BBO # 058480)
Alexander L. Ried (BBO # 705811)
lbromberg@mccarter.com
aried@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
T:  (617) 449-6500
F:  (617) 607-9200

3

4

## <u>CERTIFICATE OF SERVICE</u>

I, Alexander L. Ried, certify that on August 12, 2021 this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(C).

*/s/ Alexander L. Ried*
Alexander L. Ried
