United States District Court
District of Massachusetts

| | |
|---|---|
| Sensitech, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 20-11043-NMG |
| LimeStone FZE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

MEMORANDUM & ORDER

GORTON, J.

In 2020, Sensitech, Inc. ("plaintiff") filed a complaint against Samer Alwash ("defendant") and his company LimeStone FZE ("the corporate defendant") in the Massachusetts Superior Court for Essex County. Defendant is a resident of Amsterdam, the Netherlands, and LimeStone is a corporation based in Dubai, United Arab Emirates. Defendant removed the case to this Court in June, 2020. Plaintiff filed a motion for a preliminary injunction against defendants, which the Court allowed but later modified.

Soon thereafter defendant filed a motion to dismiss for lack of personal jurisdiction but that motion was denied as moot after plaintiff filed an amended complaint. Defendant filed an

- 1 -

amended motion to dismiss for lack of personal jurisdiction in January 2021, which the Court allowed.

After what was an apparent lack of interest in the case, plaintiff filed a motion for summary judgment against the corporate defendant in October, 2022, which was granted in June, 2023 because LimeStone (the corporate defendant) was not and never had been represented by counsel.  Plaintiff's motion for default judgment was then allowed in July, 2023 and the civil case was terminated.

Defendant was involved in subsequent, unrelated litigation and claims that this Court's injunction was used as evidence against him. Alwash v. Board of Bar Overseers, No. SJ-2025-0271 (2025).  Eighteen months after the dismissal of the case, in January, 2026, defendant filed the instant motion requesting relief from void orders.

## I.    Legal Standard

A court order is void if entered against a party not subject to the court's personal jurisdiction. Shank/Balfour Beatty, a Joint Venture of M.L. Shank, Co., Balfour Beatty Constr. v. Int'l Bhd. Of Elec. Workers Loc. 99, 497 F.3d 83, 94 (1st Cir. 2007).  Parties may move for relief from void orders under Fed. R. Civ. P. 60(b)(4).  Such a motion must be filed within a reasonable time after the entry of the allegedly void order. Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for

<u>Vista-Pro Auto., LLC</u>, 146 S. Ct. 579, 583 (2026) ("Because a motion for relief from an allegedly void judgment is a motion under Rule 60(b), the reasonable-time limit applies.") (internal quotations omitted).[1]

The "reasonableness" of a delay in filing a motion pursuant to Rule 60(b) is a fact-specific inquiry into (1) the length of the delay, (2) the justification for it and (3) any prejudice to the opposing party caused by granting the relief. <u>Farm Credit Bank of Baltimore</u> v. <u>Ferrera-Goitia</u>, 316 F.3d 62, 66 (1st Cir. 2003) (finding 16 months between notice and filing to be an "extreme" delay); <u>Kamdem-Ouaffo</u> v. <u>Colgate Palmolive Co.</u>, 2026 WL 884875, at *5 (D.N.J. Mar. 31, 2026) (collecting cases in which two-year delays were found unreasonable).

## II.  Discussion

Here, the individual defendant filed the instant motion 54 months after he was dismissed from the case for lack of personal jurisdiction.  Upon his dismissal, defendant was aware, or should have been aware, that the order against him was void. <u>Abanda</u>, 2026 WL 472270, at *3 (evaluating delay based on party's date of notice).  Defendant's delay is unreasonable,

---

[1] The Supreme Court rendered the <u>Coney Island</u> opinion two days after defendant filed his motion for relief but the First Circuit has previously held that Rule 60(b)(4) includes a "temporal requirement," so defendant's assertion that there was no time limit in place is incorrect. <u>Farm Credit Bank of Baltimore</u> v. <u>Ferrera-Goitia</u>, 316 F.3d 62, 67 (1st Cir. 2003); <u>see also</u> <u>Abanda</u> v. <u>Ourbloc LLC</u>, 2026 WL 472270, at *1 (D. Md. Feb. 19, 2026) (applying <u>Coney Island</u> to a Rule 60(b)(4) motion filed in 2024).

particularly because he proffers no justification for it. Farm
Credit Bank, 316 F.3d at 66.  Plaintiff's failure to allege
prejudice is irrelevant given the extreme delay here. Id.
(finding length of delay alone sufficient to conclude
reasonableness inquiry for 16-month delay).  Accordingly,
defendant's motion for relief under Rule 60(b)(4) will be denied
as untimely.

### ORDER

For the foregoing reasons, defendant's motion for relief
(Docket No. 131) is **DENIED.**

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge


Dated:  April 14, 2026