FILED
Clerk's Office
USDC, Mass.
Date 5/6/26
By FC
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Sensitech Inc.,<br>Plaintiff,<br><br>v.<br><br>Limestone FZE<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:20-cv-11043-NMG |

NOTICE REGARDING COMPOSITION OF THE RECORD
(Re: ECF No. 130)

The undersigned submits this Notice in an individual capacity to identify the composition of

the record as reflected on the docket, including how the state-court record transmitted upon

removal appears and whether it can be identified and reviewed as a complete and coherent

whole.

This Notice is limited to that administrative purpose.

## I. Background

As noted in the Notice Regarding State-Court Record (ECF No. 130), the docket of this Court

does not reflect a filing presenting the state-court record as a complete, certified, or attested

record in a unified form. The issue concerns whether the state-court record transmitted upon

removal appears on the docket of this Court in a manner that permits it to be readily

identified and reviewed as such.

While the "et al." designation was utilized in ECF No. 130, LinkedIn Corporation was

dismissed on June 2, 2020 (ECF No. 15), and Samer Alwash was dismissed as an individual

1

defendant on July 9, 2021 (ECF No. 84). Limestone FZE is the remaining defendant as reflected on the docket of this Court.[1]

## II. Prior Administrative Correspondence

Prior administrative correspondence with the Clerk's Office of this Court, including a Clarification and Record Preservation Notice dated November 19, 2025 (Ex. 1), identified observations regarding the sequence, structure, and presentation of filings on the docket, including how state-court-origin materials and party designations appear following removal.

The Clerk's Office subsequently indicated that the administrative record of the case was considered correct (Ex. 2). Additional correspondence was submitted on December 12, 2025 (Ex. 3).

## III. Composition of the Record

Correspondence with the Clerk's Office of the Essex Superior Court reflected that a complete and attested copy of the state-court file and docket report was transmitted to this Court upon removal on June 2, 2020 (Ex. 4).

The state-court docket report was subsequently provided by the Clerk's Office of the Salem Superior Court on December 5, 2025 (Ex. 5), with the docket report attached as Exhibit 6.

---

[1] The state-court docket reflects party status through discrete entries (e.g., "Party Status: Defendant LinkedIn Corporation – Dismissed"). As reflected on the docket of this Court, references to party status may appear in a non-uniform manner within individual filings and orders, rather than through separate status entries, and are not presented on the docket in a single, consolidated or readily identifiable form. As further reflected in Exhibit 1, captions on certain filings continue to include parties who were subsequently dismissed, reflecting the form in which those filings were originally submitted and entered on the docket. By way of example, the affidavit of Michael Hurton (ECF No. 127-2) appears with an "Essex, SS" designation and includes, in its caption, parties who were subsequently dismissed, reflecting the form in which that document originated in the state-court proceedings.

The state-court docket report (Ex. 6) reflects that filings existed in a structured form at the time of removal, including correspondence, judicial endorsements, and related procedural entries, in some instances presented as consolidated entries.

Correspondence from this Court's Clerk's Office (Ex. 7) indicated that the state-court pleadings appearing in the record were those attached as Exhibit 2 to the Notice of Removal (ECF No. 1).

As reflected on the docket of this Court, portions of the materials shown in the state-court docket report (Ex. 6) appear as separate entries and are not presented in a manner that preserves their original structure or sequencing. The text of certain docket entries does not consistently correspond to the descriptions or grouping reflected in the state-court docket report, as reflected in the manner in which those materials are presented on the docket.

The ordering and characterization of certain filings on the docket of this Court also differ from the sequence reflected in the state-court docket report (Ex. 6). Filings that appear in the state-court docket as part of a structured sequence, including filings reflecting a special appearance, appear on the docket of this Court as separate entries and in a different relative order, including in proximity to filings submitted upon removal. Certain filings are also presented in a form that differs from their presentation in the state-court record.

The docket of this Court further reflects that certain state-court materials appear within filings submitted as notices. For example, ECF No. 14 includes, as an attachment, the state-court Judicial Order and Constitutional Admonition (May 26, 2020) issued by Judge Lang prior to removal, which explicitly flagged 'serious First Amendment issues and perhaps jurisdictional

3

ones as well.' As reflected on the docket of this Court, that order appears as part of a notice filed by Plaintiff, rather than as a standalone docket entry corresponding to the state-court record. As reflected in prior correspondence (Ex. 3), such materials were originally presented in the state-court docket as part of consolidated entries.

In ECF No. 60, the Court notes that ECF No. 16 originated in the state-court proceedings and retains its state-court caption and form.

The docket of this Court does not reflect a single entry presenting the state-court record as a unified, attested filing.

## IV. Scope

This Notice is limited to identifying the composition and presentation of the record as reflected on the docket of this Court.

## V. Clarification

Based on the foregoing, the docket of this Court does not reflect whether the state-court record transmitted upon removal appears in a form that can be identified and reviewed as a complete and coherent whole, or where such materials may be located.

This Notice is submitted to place that lack of clarity in the record.

This Notice is not presented as a motion, does not seek judicial action or relief, and does not waive or limit any rights, objections, or positions with respect to the record or any prior or subsequent proceedings.

4

Respectfully submitted,

*/s/ Samer Alwash*
Samer Alwash

Dated: May 4, 2026

## Certificate of Service

I hereby certify that on this 4th day of May, 2026, a true and correct copy of the foregoing Notice Regarding Composition of the Record (Re: ECF No. 130) was served via electronic mail on counsel for Plaintiff.

Shepard Davidson, Esq.
Counsel for Plaintiff
Shepard.Davidson@afslaw.com


*/s/ Samer Alwash*
Samer Alwash