**Exhibit 1**

Clarification and Record Preservation Notice

Dated November 19, 2025



(also reflected within the correspondence chain at Exhibit 3)

United States District Court
District of Massachusetts


**Re: Clarification / Record-Preservation Notice**
Sensitech Inc. v. Limestone FZE
Civil Action No. 1:20-cv-11043-NMG


Date: November 19, 2025


Dear Mr. Farrell,


This notice is respectfully directed to the Clerk's Office in its administrative capacity. Its purpose is to identify several docket entries in *Sensitech Inc. v. Limestone FZE*, No. 1:20-cv-11043-NMG, that may benefit from internal administrative review under the Clerk's standard docket-maintenance practices to confirm how the record is currently reflected.


This correspondence does not seek judicial action or relief. It is limited to observations concerning what appears on the public docket and, in some instances, what does not appear on the public docket. The aim is solely to promote clarity and consistency in the record, in keeping with the administrative functions of FRCP 79.


## 1. Docket Sequence and Record Structure (ECFs 127–129)

For purposes of record clarity, several observations are provided concerning the sequence and structure of the filings at ECFs 127–129.

i. Entry Under Rule 55(a)

- The docket does not reflect a separate entry indicating that a party "failed to plead or otherwise defend" before the filing labeled "default judgment" at ECF 129.
- ECF 127 appears to contain language associated with both an entry of default and a request for default judgment, and this combination is noted solely for administrative awareness regarding how the entry is displayed on the docket.

ii. Rule 55(b) Subsection References and Formatting

- ECF 127 cites "Rule 55(b)" without identifying a subsection.
- The attached document is formatted as a clerk-entered judgment ("By the Court / Deputy Clerk").

1

- The docket text for ECF 129 states "Judge Nathaniel M. Gorton — Order Entered: Default Judgment," while the attached document appears as a proposed default judgment submitted at ECF 127 and signed "By the Court / Deputy Clerk."
- ECF 127 contains a certificate of service within the same filing. This filing is cross-referenced in the service-related observations below at 4.iii.

The combination of these features may contribute to uncertainty regarding how these submissions are reflected on the docket.

iii. References to Claim Dismissals

- The document at ECF 129 includes language stating that multiple claims are dismissed with prejudice.
- The docket does not reflect a corresponding entry or filing under Fed. R. Civ. P. 41(a)(2) addressing or authorizing such dismissals.

This notation is included solely to identify a potential difference between the language in the document and the sequence of filings reflected on the docket.

iv. Status of Earlier Injunctive Entries (ECFs 23, 53, 60)

For completeness, the docket reflects the following sequence:

- ECF 23 — preliminary injunctive entry
- ECF 53 — renewed injunctive entry
- ECF 60 — permanent-injunctive request noted as premature

The later filings at ECFs 127–129 do not indicate whether these earlier injunctive entries were affected, resolved, or incorporated into the subsequent docket sequence. An administrative review may help clarify how these entries relate to the overall structure displayed on the docket.

v. Pleading References in the Docket Record (ECF 12 and ECF 30)

The docket reflects that the Second Amended Complaint (ECF 30) is identified as the operative pleading pursuant to ECF 61. At the same time, several entries reference the earlier Amended Complaint at ECF 12 in a manner that may create ambiguity for purposes of internal docket clarity:

- Footnote 1 in ECF 68 and footnote 2 of ECF 101 reference ECF 12 identifying it as the pleading to which those filings respond.
- No docket entry appears withdrawing, superseding, or otherwise removing ECF 30 from its designation as the operative complaint.
- Both ECF 12 and ECF 30 are cited in filings that pre-date the entries at ECFs 127–129.

2

- The submissions at ECFs 127–129 reference ECF 30 within their supporting documents.

Because both pleadings appear in filings that precede the entries at ECF 127-129, this pattern is noted here to document how references to the operative complaint appear on the docket.

vi. Separate Rule 58 Judgment and Post-Judgment Activity

- The docket does not reflect a separate judgment entered under Fed. R. Civ. P. 58 following ECF 129.
- The docket also does not contain entries reflecting post-judgment execution activity under Fed. R. Civ. P. 69(a), such as a writ of execution, marshal's return, or other enforcement-related filings.

Because no separate Rule 58 judgment or subsequent Rule 69(a) activity appears after ECF 129, this observation is noted solely to identify how the docket currently reflects judgement related entries.

vii. Affirmative-Defense Disposition in the Pleadings

For purposes of record accuracy, the docket does not appear to include a separate entry addressing the disposition of the affirmative defenses (ECF 101) raised in the answer responding to the Amended Complaint (ECF 12). While ECFs 125, 127 and 129 addresses the counterclaims, no corresponding docket entry appears regarding the affirmative defenses themselves.

Because the filings at ECFs 127–129 appear as concluding entries, this item is noted solely to document how the status of the affirmative defenses presently appears on the public docket.

viii. Declaratory-Relief Count and Docketed Dispositions

For purposes of record accuracy, it is noted that the Second Amended Complaint (ECF 30) includes a count seeking declaratory relief under 28 U.S.C. § 2201. The subsequent docket entries at ECFs 124, 125 and 129 do not reference this count, and no separate docket entry appears identifying a disposition of the declaratory-relief request.

This observation is noted solely to document how the docket reflects the status of that count.

3

**2. Captions Containing Dismissed Parties / Superseded Names**

For purposes of maintaining internal consistency across docket entries, it is noted that certain filings—including ECFs 91, 92, 102, 122, 127, and the declaration filed at ECF 127-1—continue to include names of individuals or entities that had been dismissed earlier in the proceeding:

- LinkedIn Corporation, dismissed at ECF 15
- Samer Alwash, dismissed at ECFs 84 and 100

In addition, the declaration filed at ECF 127-1 contains signer-identification language referring to a corporate role or organizational position. The docket does not reflect any contemporaneous filing identifying the signer's corporate status at the time the document was submitted. Because caption information and signer authority in corporate filings are typically traceable through associated docket entries, this may warrant administrative review for purposes of record completeness.

**3. Summary-Judgment Timing Relative to the Scheduling Order (ECF 107 / ECF 120)**

For docket-clarity purposes, it is noted that the summary-judgment filing at ECF 120 was submitted several months before the dispositive-motion deadline identified in the Scheduling Order at ECF 107.

The docket reflects:
- no entry modifying the dispositive-motion deadline in ECF 107,
- no entry indicating leave to file a dispositive motion before that deadline,
- discovery deadlines that had not yet expired as of the date of filing,
- no notation under Rule 56(d), and
- no filings under Rule 37(a) or Rule 37(b).

**4. Service Certifications & Local Rule 7.1 Notations (ECFs 120–122, 125, 127)**

For purposes of record accuracy, the docket reflects variations regarding service descriptions and Local Rule 7.1 notations during a period when the docket does not reflect counsel appearing for Limestone FZE.

i. ECFs 120–122 (Summary-Judgment Filings)

- The Local Rule 7.1 statements in these filings indicate that "Limestone FZE is currently unrepresented."
- The certificates of service reflect CM/ECF distribution to attorneys of record and also an email transmission to the individual identified as managing director of Limestone FZE.
- The docket entry reflects an email transmission noted as 'service' but contains no notation describing how notice to the unrepresented corporate entity was recorded on the docket.
- No separate Local Rule 7.1 meet-and-confer notation appears for these submissions.

ii. ECF 125

The entry states:

"Since that order, no notice of appearance has been filed by counsel for Limestone."

This appears to reflect the docket's understanding that no counsel had appeared for Limestone FZE at the time of these filings.

iii. ECF 127 (Default-Related Filing)

- The certificate of service states that notice was provided "via CM/ECF to counsel of record."
- At that time, the docket lists no counsel appearing for Limestone FZE.
- No additional direct notice (such as email) appears on the docket for this filing.
- No Local Rule 7.1 notation is reflected on the docket.

Because service notations differ across these filings—and because no counsel was listed for Limestone FZE during this period—this cluster of entries above is noted for administrative awareness.

5

iv. CM/ECF Representation Designations and Docket References

The CM/ECF party listing currently reflects Limestone FZE as "pro se." Representation designations in CM/ECF are generated and maintained by the Clerk's Office, and this notation is therefore identified for administrative purposes. The docket also contains several entries—such as ECF 23 and ECF 53—referring to "defendants" appearing pro se, with Limestone FZE included in that grouping, and later entries (ECF 124 and ECF 125) referencing Limestone FZE "purporting to appear pro se."

Because these references appear in multiple docket entries and in the CM/ECF caption, they are noted here solely to document their presence across the record.

## 5. Administrative Review (Summary)

In light of the administrative observations above, the following items may warrant internal review under the Clerk's usual docket-maintenance practices:

- the sequence and structure of the filings at ECFs 127–129, including the absence of an entry under Rule 55(a), the Rule 55(b) references and associated formatting appearing in the filing, and the absence of a separate judgment under Rule 58;
- the language in ECF 129 referencing dismissal of multiple claims with prejudice, in the absence of a corresponding motion or entry under Rule 41(a)(2);
- the status of the affirmative defenses as reflected on the docket, and
- the status of declaratory-relief count for purposes relevant to Rule 54(b)
- the caption information in filings listing parties previously dismissed, as well as the timing and caption references associated with the declaration attributed to Mr. Hurton;
- the references to ECF 12 and ECF 30 as operative pleadings appearing in later filings;
- the sequence of earlier injunctive entries at ECFs 23, 53, and 60, and the absence of any notation indicating whether or how those entries were later addressed in connection with ECFs 127–129;
- the timing of the summary-judgment filing at ECF 120 relative to the dispositive-motion deadline set in ECF 107; and
- the variations in service certifications and Local Rule 7.1 notations across filings submitted during a period in which no counsel appeared for Limestone FZE.
- the CM/ECF designation of Limestone FZE as "pro se," together with multiple docket references (including ECF 23, ECF 53, ECF 124, and ECF 125) describing the entity as appearing or purporting to appear pro se.

The observations above are offered at this time solely for the Clerk's administrative awareness. Their purpose is limited to identifying what appears on the docket and what does not, so that the Clerk's Office may determine whether the docket—as currently displayed—corresponds to the filings reflected in the record.

Should the Clerk's Office, in the course of its ordinary administrative functions, determine that placing this correspondence on the docket or making it available to internal personnel responsible for record maintenance would assist those functions, full deference is given to that administrative discretion.

For clarity on the nature of this submission, the following is respectfully noted:
This correspondence is not presented as a motion or request for judicial action, does not invoke any procedural rule, and should not be construed as expressing agreement with or acquiescence in any docket entry or procedural characterization. Its submission does not constitute an appearance, does not seek relief of any kind, and does not waive any rights, objections, or positions available now or in the future.

Respectfully submitted,


*/s/ Samer Alwash*

Samer Alwash


s.alwash @ hotmail.com

(for administrative correspondence)

7